Reinhakd, J.
This action was brought by the appellee, as guardian, to recover certain saw logs alleged to have been cut from land in which the appellant owned a life estate, and the appellee’s wards a remainder. The land is a farm upon which appellants reside, a small portion of which was reserved for timber. On this reserved land there were some valuable trees which it was necessary to save for the purpose of keeping the place in proper repairs. The complaint averred that the saw logs in controversy were cut for merchandise and not to improve the estate. The appellants admitted cutting the timber, but claimed that it was cut to make necessary repairs on the farm. To prove that the timber was to be used for merchandise, it was proposed to be shown by the appellees that it had actually been sold to one Pence, who was also a party defendant to the action. Pence owned a saw mill in the neighborhood, and it was claimed that he was hauling the logs to his mill at the time’this action was brought.
The appellee offered evidence that Pence admitted that he had purchased the logs of the appellants. To this there was an objection by the appellants upon the ground that they were not present when the admission was made, and that it was, therefore, not competent against them. The court overruled the objection, and the appellants excepted. There was no error in this ruling. The evidence was competent to bind Pence who was a party defendant. If the appellants desired to have the evidence limited as affecting only the defendant Pence they should have asked the court for an instruction to the jury that the evidence could not be considered against the appellants, or to limit its applicability to the defendant Pence at the time it was admitted. Appellants insist that Pence was only a nominal defendant who neither answered nor was defaulted at the trial. In this the counsel for appellants *470 are in error. Tlie record shows that a joint answer was filed by all the defendants, including Pence.
It is true that counsel for appellee remarked when offering the testimony of one of the witnesses regarding the admissions of Pence, that he introduced it against all the defendants, but it is not shown that the court so admitted it, and it does not appear that the appellants asked to have the consideration of the evidence limited as an admission against Pence alone. To make the evidence competent as affecting Pence, it was not necessary to show that Pence and the appellants had a “joint interest of privity in design,” as insisted by the appellant’s learned counsel. If the evidence was competent as-against Pence, which we think it was, no error was committed in overruling the objection to its introduction.
The court permitted the appellee to prove that timber had been taken off the premises some ten years before the time of the trial. If this was technically erroneous, it is not apparent how it could have harmed the appellants. There was no dispute that the appellants took the timber in controversy, and the only question in controversy before the jury was whether the timber so taken was taken for necessary improvements on the premises, ’ or to be sold as merchandise. We can not see how the fact that timber had been cut ten years before could in any way have influenced the jury in the determination of the real question in issue before them.
Walter Shane, a witness for the appellee, and a farmer who was acquainted with the premises, was asked to tell the jury if there was enough material in the fences on the place, if it had been handled properly, to make a good fence, to which, without any objection, he answered “yes.” Subsequently he was again asked, after he had testified that he had been a farmer all his life, and made fences and knew what a good fence was, and *471 tlie different kinds of fences used by farmers, whether, at the time the logs in suit were cut, there was timber and material enough in the fences on the farm to have made a good farmer’s fence. The question was objected to, and it does not appear to have been answered. The same question in substance was afterwards repeated, and over the appellant’s objection that the witness was not qualified to express an opinion, and that the testimony was “immaterial and improper,” the witness was permitted to answer and did answer in the affirmative.
Filed Nov. 27, 1894.
We do not think there was any error in this ruling. So far as the qualifications of the witness are concerned, they were sufficiently shown by his previous testimony. It was not improper to ask the witness whether there was or was not sufficient material to make the fencing without cutting timber. Besides, the theory of appellee’s case was, not that the timber was used or intended for use in the fences, but that it was cut to be sold and was sold. If this was not shown, the appellee had no case, and the opinion of the witness as to the sufficiency of the material in the fences could have had no effect upon the question whether the timber was taken for market. The testimony could not have harmed the appellants, in any event. What has just been said applies also to the testimony of the witness Bates, who was asked similar questions and permitted to answer them. There is no reversible error in the record.
Judgment affirmed.